| | |
|---|---|
| 1 | SHARON S. MEQUET, Bar No. 150331 |
| 2 | smequet@littler.com<br>LITTLER MENDELSON, P.C. |
| 3 | 18565 Jamboree Road<br>Suite 800 |
| 4 | Irvine, CA  92612<br>Telephone:  949.705.3071 |
| 5 | Attorneys for Defendant |
| 6 | GEODIS LOGISTICS, LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY E. REYES, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GEODIS LOGISTICS LLC, a Tennessee limited liability company; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No.<br><br>[San Bernardino County Superior Court Case No. CIVSB2124043]<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(a)(1), 1441, AND 1446**<br><br>Complaint filed: August 19, 2021 (originally filed in California Superior Court, County of San Bernardino) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, KIMBERELY E. REYES AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant GEODIS LOGISTICS, LLC ("Defendant") hereby removes the above-captioned action from the Superior Court for the State of California, County of San Bernardino, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This removal is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. § 1332 based upon complete diversity of citizenship. Defendant makes the following allegations in support of its Notice of Removal:

1.

## I. STATEMENT OF JURISDICTION (LOCAL RULE 8-1)

1. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). This case may be removed pursuant to 28 U.S.C. §§1441 and 1446 because (1) it is a civil action between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

## II. PROCEDURAL HISTORY

2. On August 19, 2021, Plaintiff Kimberly E. Reyes ("Plaintiff") filed her Complaint for Damages, entitled: *Kimberly E. Reyes v. Geodis Logistics LLC,* Case No. CIVSB2124043 ("State Court Action"), in the Superior Court of the State of California, County of San Bernardino.

3. The Complaint asserts the following causes of action: (1) Failure to Pay Minimum Wages; (2) Failure to Compensate for all Hours Worked; (3) Failure to Pay Overtime Wages; (4) Failure to Provide Accurate Wage Statements; (5) Violation of California's Unfair Competition; (6) Failure to Maintain Required Records; (7) Discrimination in Violation of the Fair Employment and Housing Act; (8) Retaliation in Violation of the Fair Employment and Housing Act; (9) Failure to Provide a Reasonable Accommodation in Violation of the Fair Employment and Housing Act; (10) Failure to Engage in the Interactive Process in Violation of the Fair Employment and Housing Act; (11) Failure to Prevent Discrimination and Retaliation in Violation of the Fair Employment and Housing Act; and (12) Construction Termination.

4. The Complaint names one defendant: Geodis Logistics, LLC.

5. On September 23, 2021, Plaintiff served Geodis Logistics, LLC with the following documents: Summons, Complaint, Civil Case Cover Sheet, Notice of Trial Setting Conference and Notice of Case Assignment. (*See* Declaration of Sharon S. Mequet ["Mequet Decl."] ¶ 2, Exh. A.) According to the court docket in the State Court Action, on September 27, 2021, Plaintiff filed a Proof of Service of Summons, confirming that the Complaint and related papers were served on Defendant on September 23, 2021. (*Id.*, ¶3, Exh. B.)

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

2.

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332(a)(1), 1441, AND 1446

6. On October 21, 2021, Defendant filed Defendant Geodis Logistics, LLC's Answer to Plaintiff's Complaint for Damages in the State Court Action. (*Id.* ¶ 4, Exh. C.)

7. Pursuant to 28 U.S.C. § 1446(d), the documents attached to the Declaration of Sharon S. Mequet constitute all process, pleadings, and orders filed in the State Court Action. (*Id.* ¶ 5.) To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. (*Id.*)

### III. TIMELINESS OF REMOVAL

8. This Notice of Removal is timely as it is filed within thirty (30) days of September 23, 2021, the date of service of the Summons and Complaint, and within one year from the commencement of the State Court Action. *See* 28 U.S.C. § 1446(b), (c). *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).

### IV. VENUE

9. Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a). Plaintiff originally brought the State Court Action in the Superior Court for the State of California, San Bernardino. Thus, pursuant to 28 U.S.C. § 84(c)(1), the appropriate assignment of the State Court Action is to the Eastern Division of this Court, located in Riverside, California or San Bernardino, California.

### V. BASIS FOR REMOVAL

10. This Court has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. §§ 1441 and 1446, the State Court Action may be removed to this Court because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

3.

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(a)(1), 1441, AND 1446

A.  **Complete Diversity of Citizenship Exists**

11.  <u>Plaintiff is a Citizen of California</u>.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  For removal purposes, diversity jurisdiction is analyzed and must exist "as of the time the complaint is filed and removal is effected."  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

12.  Allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship.  *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides "*prima facie*" case of domicile); *Sadeh v. Safeco Ins. Co.*, No. CV12-03117 SJO(PLAx), 2012 WL 10759737, at *2 (C.D. Cal. June 12, 2012) (residence is *prima facie* evidence of one's domicile); *Chamness v. Stonebridge Life Ins. Co.*, No. CV 09–0780 AHM (JCx), 2009 WL 734137, at *2 (C.D. Cal. Mar. 18, 2009) (finding residency allegations in complaint "sufficient" to support citizenship allegations in removal notice); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Marroquin v. Wells Fargo, LLC*, Civil No. 11cv163–L (BLM), 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011) (a person's residence is *prima facie* his domicile).

13.  Plaintiff is and was a citizen of the State of California at all relevant times.  Plaintiff alleges in her Complaint that "PLAINTIFF is and at all times relevant hereto was a resident of the State of California, San Bernardino County." (Complaint ["Compl."] ¶2).  Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

14. <u>Geodis Logistics, LLC Is Not a Citizen of California</u>.  Plaintiff's employer at all relevant times was Geodis Logistics, LLC.  (Compl. ¶¶ 2, 4, 74, 85, 96, 107, 118, 131.)  It is well settled that a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).  At the time of Plaintiff's filing of the State Court Action as well as this removal, Geodis Logistics, LLC was a limited liability company.  (Declaration of Ben Bodzy ["Bodzy Decl."] ¶3; see also Compl. ¶3.)

15. Courts treat limited liability companies the same as partnerships for diversity jurisdiction purposes, and therefore look to the citizenship of each member of the company: "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998); *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 829 (8th Cir. 2004); *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).  If any member of an LLC is itself a partnership or association (or another LLC), the court must know the citizenship of each "submember" as well.  *V & M Star, LP v. Centimark Corp.,* 596 F.3d 354, 356 (6th Cir. 2010).

16. Geodis Logistics, LLC was at the time of the filing of this action, and still is, a limited liability company formed under the laws of the State of Tennessee, with its company headquarters and its principal place of business in Brentwood, Tennessee.  (Bodzy Decl. ¶ 3; see also Compl. ¶3.)  Ozburn-Hessey Holding Company, LLC, is the sole member of Geodis Logistics, LLC.  (Bodzy Decl. ¶3.)  Ozburn-Hessey Holding Company, LLC is a limited liability holding company formed under the laws of the state of Delaware with its headquarters and principal place of business in Brentwood, Tennessee.  (*Id.*)  OHH Acquisition, LLC is the sole member of Ozburn-Hessey Holding Company, LLC.  (*Id.*)  OHH Acquisition LLC is a limited liability holding company formed under the laws of the state of Delaware with its headquarters and principal place of business in Brentwood, Tennessee.  (*Id.*)  Geodis America, Inc., a Delaware corporation, is the sole member of OHH Acquisition LLC.  (*Id.*)  Geodis America, Inc.'s

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

5.

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(a)(1), 1441, AND 1446

headquarters is in Brentwood, Tennessee, which is where the Company's officers direct, coordinate, and control its business operations. (*Id.*)

17. <u>The Citizenship of The "Doe" Defendants Must Be Disregarded For Diversity Purposes</u>. For purposes of removal, the citizenship of any Doe defendants is disregarded and only the citizenship of named defendants is considered. 28 U.S.C. § 1441(b)(1); *see Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998). To Defendant's knowledge, none of the Doe Defendants in this case have been identified or served, (Mequet Decl. ¶ 6), and, thus, Doe Defendants designated 1 to 100 are fictitious and not parties to this action.

18. <u>Conclusions Regarding Citizenship.</u>  As set forth above, Plaintiff is a citizen of California. Plaintiff's employer, Geodis Logistics, LLC, is a citizen of Tennessee and Delaware.

**B.    The Amount in Controversy Exceeds $75,000**

19. In order to satisfy the $75,000 amount in controversy requirement, the removing party must demonstrate by a preponderance of the evidence (*i.e.*, that it is more likely than not) that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

20. Where, as here, removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 89 (2014). The *Dart Cherokee* Court explained that the removal statute tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 84, 87.

21. In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the

6.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(a)(1), 1441, AND 1446

plaintiff on all claims asserted in his complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). In determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

22.  Although Defendant denies that Plaintiff has suffered any damages, it can be reasonably ascertained from the pleadings that the amount in controversy greatly exceeds $75,000. Plaintiff contends that she has suffered the whole range of damages available under the twelve (12) causes of action she has asserted.

23.  First, Plaintiff seeks back pay for "substantial" loss of income/earnings and other employment benefits. (Compl. ¶¶79, 91, 101, 112, 124, 137; Prayer for Relief ¶1.) Plaintiff last received regular employment wages from Geodis Logistics, LLC in September, 2020. (Declaration of Jeremy Morgan ["Morgan Decl."] ¶ 2.) Plaintiff was employed by Geodis Logistics, LLC first as a Material Handler and later as a full-time Operator 1 until her voluntary resignation from employment in September 2020. (Morgan Decl. ¶2.) A full-time schedule at the location where Plaintiff worked is considered 40 hours a week. (*Id.*) At the time of her employment separation with Geodis, Plaintiff was earning an hourly wage of $15.30. (*Id.*) Plaintiff's compensation thus annualizes to $31,824 ($15.30 x 40 hours/week x 52 weeks/year). Conservatively estimating that this case will go to trial in May 2023, or just one year and nine months from the date Plaintiff filed her Complaint, back pay would be calculated at approximately **$55,692** ($31,824 x 1.75 years), which would be further augmented by other employment benefits.

24.  Plaintiff also seeks to recover front pay. (Compl. ¶¶ 79, 91, 101, 112, 124, 137 ("PLAINTIFF . . . will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

7.

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(a)(1), 1441, AND 1446

diminished."); Prayer for Relief ¶1 ["For a money judgment representing compensatory damages including lost wages, earnings, commissions, and other employee benefits . . ."])  Front pay awards in California often span several years.  *See Smith v. Brown-Forman Distillers Corp*., 196 Cal. App. 3d 503, 518 (1987) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus*., *Inc*., 55 Cal. App. 3d 91, 97-100 (1976) (four years); *Drzewiecki v. H & R Block, Inc*., 24 Cal. App. 3d 695, 705 (1972) (ten years).  Even conservatively estimating that Plaintiff seeks front pay damages for only two years, and would not have received a pay increase[1], the amount of future wages in controversy in this case would total at least an additional **$63,648** (two year's wages, not including bonuses or other benefits).  Consequently, Plaintiff's claims for back pay and front pay alone clearly satisfy the $75,000 threshold.

25. Plaintiff is also seeking compensatory and general damages because she "was psychologically injured" and "[s]uch injuries have caused, and continue to cause . . . great mental pain and suffering" for which she "for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses." (Compl. ¶¶ 80-81, 102-103, 113-114, 125-126, 138-139; Prayer for Relief ¶1.)  Plaintiff's claim for emotional distress damages further augments the amount in controversy.  In *Kroske v. U.S. Bank Corp.,* 432 F.3d 976 (9th Cir. 2005), for instance, the Ninth Circuit found that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980.  *See also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

---

[1] Plaintiff indeed alleges she was entitled to a one dollar pay increase, or $16.30 an hour. (Compl. ¶17.)

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(a)(1), 1441, AND 1446

26. Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment discrimination cases have been awarded substantial sums for emotional distress damages. *See, e.g., Gardenhire v. Hous. Auth. of City of Los Angeles*, 85 Cal. App. 4th 236, 240-241, 244 (2000) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim). Using *Kroske* as a very conservative baseline, the emotional distress component of Plaintiff's claims could add at least **$25,000** to the amount in controversy, if not more.

27. Plaintiff additionally seeks punitive damages, (Compl. ¶¶ 82, 92, 104, 115, 127, 140; Prayer for Relief ¶11), which further adds to the amount in controversy in this case. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-46 (9th Cir. 2001). In *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408, 425 (2003), the Supreme Court ruled that punitive damages of up to four times the amount of compensatory damages (a 4:1 ratio) could be appropriate. In particular, employment discrimination cases have the potential for large punitive damages awards. *See Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (highlighting jury verdicts with "substantial punitive damage awards" in employment discrimination cases.) Applying a conservative 1:1 ratio of punitive damages to Plaintiff's lost income only (back pay and front pay), punitive damages would add an additional **$119,340.00** to the amount in controversy.

28. Finally, Plaintiff seeks attorneys' fees in connection with her claims. (See, e.g. Compl. ¶¶ 83, 94, 105, 116, 129; Prayer for Relief ¶12.) It is well-settled that, when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D.

Cal. 2002) (in deciding amount in controversy issue, court may estimate amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). In doing so, the Court must consider the aggregate value of claims for attorneys' fees, including future attorneys' fees. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."); *see also Kroske, supra,* 432 F.3d at 980; *Galt G/S, supra,* 142 F.3d at 1155-56. "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours . . . Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging discrimination, retaliation, failure to accommodate, and wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, No. CV14-09154-AB(AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015). Thus, the attorneys' fees component of Plaintiff's claims easily adds at least **$30,000,** a conservative estimate, to the amount in controversy, if not much more.

29. In sum, although Defendant contends that Plaintiff's claims have no merit, when the relief sought by Plaintiff is taken as a whole[2], the amount in controversy for Plaintiff's claims significantly exceeds the $75,000 jurisdictional threshold, as follows:

| Plaintiff's Claim | Amount in Controversy |
|---|---|
| Back Pay | $55,692.00 |
| Front Pay | $63,648.00 |
| Emotional Distress | $25,000.00 |
| Punitive Damages | $119,340.00 |

---

[2] In addition to the damages discussed, Plaintiff also seeks damages for various wage and hour claims in her First through Sixth Causes of Action.

| | |
|---|---|
| Attorneys' Fees | $30,000.00 |
| **Total Potential Damages:** | **$293,680.00** |

30.     Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332, which may be removed by Defendant to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

## V.     NOTICE TO COURT AND PARTIES

31.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to counsel for Plaintiff.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of San Bernardino.

Dated:  October 22, 2021

> */s/ Sharon S. Mequet*
> SHARON S. MEQUET
> LITTLER MENDELSON, P.C.
> Attorneys for Defendant
> GEODIS LOGISTICS, LLC

4835-1416-8574.1 / 107291-1007

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

11.
NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(a)(1), 1441, AND 1446